```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Albert Welfort White Jr., | **C/A No. 6:10-2169-RBH-KFM** |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| United States of America;<br>John Hardaway, Esq (F.P.D.), | |
| Respondent. | |

## *Background of this Case*

This is a civil action filed by a federal parolee. The petitioner filed this case on a *pro se* complaint form apparently issued by the United States District Court for the Eastern District of Pennsylvania. The Office of the Clerk of Court has classified this case as a Title 28, United States Code, Section 2241 action because of the relief sought by the petitioner.

The petitioner is a federal parolee in Philadelphia. He was convicted in the United States District Court for the District of South Carolina in 1984 and was sentenced by the Honorable Clyde H. Hamilton, (then) United States District Judge. The petitioner was represented by John F. Hardaway, then an Assistant Federal Public Defender.

In the above-captioned case, the petitioner alleges cruel and unusual treatment and unfair supervision to him while he has been on parole. The petitioner seeks termination of supervision or issuance of a court order granting him conditional release.

## *Discussion*

The petitioner is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Even if this case is treated as a Section 2241 action, it is subject to summary dismissal because the two named respondents are not the petitioner's custodians. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Moreover, a § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

If this case is treated as a *Bivens* action, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971),[1] it is still subject to

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United
(continued...)

summary dismissal. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A *Bivens* action may not be brought against the United States or agencies of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

Furthermore, since the petitioner is seeking relief from the sentence originally imposed by Judge Hamilton, the above-captioned case, if treated as a *Bivens* action, would be subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

---

(...continued)
States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which cites, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982).

3

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnote omitted). *Heck v. Humphrey* is applicable in civil suits against federal officials and entities. *See Stephenson v. Reno*, 28 F.3d 26, 28 (5th Cir.1994).

John F. Hardaway died in 2009. *See In the Matter of John F. Hardaway, Deceased*, [no number in original] (S.C. Jan. 29, 2009), 2009 Shearouse Advance Sheet No. 5 (Feb. 2, 2009). In any event, even if he were still alive, Mr. Hardaway would be subject to summary dismissal in a *Bivens* action because he has not acted under color of state law or federal law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983 or the *Bivens* doctrine. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. The petitioner's attention is directed to the Notice on the next page.[2]

August 23, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

---

[2] The Federal Station Post Office on the first floor of the United States Courthouse in Greenville, South Carolina, will permanently close on September 4, 2010. Hence, correspondence addressed to the Clerk's Office in Greenville should now be sent to Clerk's Office, United States District Court, 300 East Washington Street — Room 239, Greenville, South Carolina 29601.

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).